People v Ellington

2026 NY Slip Op 02482

April 23, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,

v

Jerry Ellington, Appellant.

Decided and Entered:April 23, 2026

CR-22-2139

Calendar Date: March 23, 2026

Before: Clark, J.P., Ceresia, Fisher, Powers And Corcoran, JJ.

Erin C. Morigerato, Albany, for appellant.

J. Anthony Jordan, District Attorney, Fort Edward (Taylor Fitzsimmons of counsel), for respondent.

[*1]

Fisher, J.

Appeal from a judgment of the County Court of Washington County (Kelly McKeighan, J.), rendered May 20, 2022, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.

In October 2021, an individual visiting defendant, an incarcerated individual, was found to have drugs and two razor blades in her possession. After an investigation revealed that defendant was involved in the plan to smuggle those items into the facility, he was charged by indictment with three counts of promoting prison contraband in the first degree, criminal possession of a controlled substance in the fifth degree and promoting prison contraband in the second degree. Defendant agreed to plead guilty, in full satisfaction of the indictment, to the reduced charge of attempted promoting prison contraband in the first degree. He did so upon the understanding that he would be sentenced, as a second felony offender, to a prison term of 1½ to 3 years that would run consecutive to the prison sentence he was already serving. County Court imposed the agreed-upon sentence, and defendant appeals.

We affirm. Defendant's challenge to the voluntariness of his plea, as well as his related claim that ineffective assistance of counsel impacted upon the voluntariness of that plea, are unpreserved for our review given his apparent failure to raise those issues in an appropriate postallocution motion despite having had ample time to do so (see People v Hendrie, 242 AD3d 1258, 1258 [3d Dept 2025]; People v Guilder, 235 AD3d 1044, 1045-1046 [3d Dept 2025], lv denied 43 NY3d 963 [2025]).FN1 Our review of the record leaves us satisfied that the narrow exception to the preservation requirement was not triggered (see People v Hendrie, 242 AD3d at 1258; People v Leroux, 234 AD3d 1214, 1214-1215 [3d Dept 2025]). We would reject the claims, in any event, as "the record reflects that County Court sufficiently informed defendant of the trial-related rights he was forfeiting by pleading guilty and defendant affirmed that he had sufficient time to confer with counsel, was satisfied with counsel's representation and understood the consequences of entering a guilty plea," after which defendant admitted to committing the crime at issue (People v Hawkins, 207 AD3d 814, 815-816 [3d Dept 2022]; see People v Hendrie, 242 AD3d at 1258; People v Leroux, 234 AD3d at 1214-1215). As such, we perceive no reason to take corrective action in the interest of justice.

Lastly, we reject defendant's contention that the agreed-upon prison sentence received by defendant was unduly harsh or severe, as it was the minimum allowed by law (see Penal Law §§ 70.06 [3] [e]; [4] [b]; 110.05 [6]; 205.25 [1]; People v Lilliard, 206 AD3d 1241, 1244 [3d Dept 2022]). We have examined defendant's remaining contentions and have found them to be academic or without merit.

Clark, J.P., Ceresia, Powers and Corcoran, JJ., concur.

ORDERED that the judgment is affirmed.

Footnotes

Footnote 1

To the extent that defendant's claim of ineffective assistance is premised upon matters outside of the record like counsel's alleged failure to sufficiently investigate potential defenses, such "is more appropriately raised in a CPL article 440 motion" (People v Ward, 161 AD3d 1488, 1489 [3d Dept 2018], lv denied 32 NY3d 942 [2018]).